No. 180　　　　　March 20, 2024　　　　　547

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Protective Proceeding of Q. R. D.
a Minor.

Leonard BERMAN,
*Interested Person-Appellant,*

*v.*

Kyoko WYSE,
*Petitioner-Respondent.*

Clackamas County Circuit Court
19PR00081; A176105

Michael C. Wetzel, Judge.

Argued May 12, 2023.

Leonard R. Berman argued the cause and filed the briefs for appellant.

Erin K. Olson argued the cause and filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

This appeal concerns a trial court's determination that appellant, an attorney, did not have a binding contingent fee agreement for his legal services in bringing a civil rights lawsuit for a minor child, Q. Berman appeals from a limited judgment and money award in favor of the conservator of Q. Berman asserts that the trial court erred in concluding that it could void the contingency agreement and calculate a different attorney fee. We affirm.

Berman entered into a contingent fee agreement with Duvall, Q's father, to represent Q in a federal civil rights claim against DHS, in response to abuse that Q suffered while in foster care. Berman filed the lawsuit in federal court, identifying the plaintiff as "Cory Duvall, on Behalf of Minor [Q]." Following a settlement conference before a federal magistrate judge, the parties reached a settlement agreement. Due to the large sum involved, the settlement was required to be approved by the state probate court. Q's paternal grandmother, Rohmer, was appointed by the court to serve as Q's conservator; Berman represented her.[1]

The settlement terms were initially approved by the probate court, including approving the contingent fee agreement and awarding Berman 40 percent of the settlement amount. Following issues relating to the structure of the settlement and the tax liability to Q, the details of which do not impact this appeal, Berman moved to withdraw as counsel for the conservator, the court granted his motion, and the conservator retained new counsel. On the advice of new counsel, the conservator moved to set aside the order approving the settlement to the extent that it approved the 40 percent contingent fee, and the probate court granted the motion.

Berman submitted a fee petition requesting the same 40 percent contingent fee and presented a time sheet. Following a hearing, the court found that the continent fee agreement signed by Duvall was not binding on Q or the conservator. The court further concluded that it had the authority to award a reasonable fee for the representation and

---

[1] Rohmer has since been replaced by a professional fiduciary.

awarded Berman $52,500 in attorney fees.[2] At that point, Berman had already spent $70,876.79 of the fees previously awarded under the continent agreement. The court therefore ordered him to remit $18,376.79 to the conservator, and issued a limited judgment and money award to that effect.

In arguing that the court erred in concluding that it could void the contingency agreement and calculate an alternative attorney fee, we understand Berman to advance four quite limited and largely undeveloped arguments in support of his assignment of error. We briefly address only those arguments. Berman first asserts that FRCP 17 authorized Duvall to bring the action in federal court as Q's father and guardian. We reject this argument because it is entirely undeveloped. Berman relies only on FRCP 17(a), regarding a claim being brought in the name of a guardian "without joining the person for whose benefit the action is brought," and develops no argument pursuant to FRCP 17(c), which concerns claims brought on behalf of a minor. *See generally* FRCP 17. He cites to no case law or statutory authority beyond FRCP 17, and has failed to develop any argument as to how the federal court procedural rules regarding the proper party to a matter affect the state probate court's authority to approve a fee agreement when reviewing the terms of a settlement involving a protected person.

Berman's second argument is that Rohmer knowingly ratified the attorney fee request. We reject this argument because Berman has failed to address the effect of Rohmer's later disavowal of the agreement, or to advance any legal argument for why Rohmer's acknowledgment of her awareness of the amount Berman had requested amounted to ratification of the contingent fee agreement.

In his third argument, Berman points to testimony from another attorney at the hearing on the fee petition

---

[2] We note that the probate court did not cite *quantum meruit* as the basis for the award, and Berman's fee petition did not explicitly request fees under such a theory; however, both parties argued in various briefing to the probate court that a fee could be awarded under that theory, and the court appears to have done so. *See Schroeder v. Schaefer*, 258 Or 444, 466, 483 P2d 818 (1971) (noting the applicability of *quantum meruit* to attorney-client fee situations to prevent unjust enrichment when the client "received skilled, valuable, and successful services for which they should pay a reasonable fee").

about a separate case where the other attorney was awarded a contingent fee for representing a minor in a civil rights case against DHS. Berman argues that the court here held him to a different standard than the other attorney. Berman has failed to advance an argument for how the other attorney's contingent fee agreement has any bearing on the alleged error by the probate court in this matter.[3]

Finally, Berman asserts that the court's ruling nullifying his contingent fee agreement is "akin to tortious interference with a business contract," but makes no further argument about the implication of that assertion. Among other things, he provides no argument explaining how a court can be a third-party tortfeasor when acting as a neutral arbiter of a contract or fee dispute between parties appearing before the court. We therefore decline to address it.

Because Berman has not developed any legal basis for reversing the trial court's determination that the contingent fee contract between Berman and Duvall was not binding on Q or his estate, we affirm. A probate court has "broad equitable powers to ensure that protected persons are, in fact, protected." *Fuentes v. Tillett*, 263 Or App 9, 23, 326 P3d 1263 (2014). Approval of damage settlement amounts for the benefit of a minor child are a basic responsibility of the probate court in Clackamas County, including the allocation and structuring of such funds. Clackamas Circuit Court Supplementary Local Rule 9.041(1)(c). Thus, it was the responsibility of the probate court to approve the terms of the settlement between Q and DHS, including awarding attorney fees. Berman has not assigned error to the court's method of calculating a reasonable fee other than to assert, based on the arguments noted above, that his fee agreement with Q's father should have been honored and that it bound Q. We therefore will not disturb the probate court's valuation of Berman's services.

Affirmed.

---

[3] We note that the other civil rights attorney testified at the hearing that, in her case, she was initially retained by the child's court-appointed guardian *ad litem*, and that her fee agreement was subsequently ratified by a conservator.